**Supreme Court**

No. 2025-202-Appeal.
(PC 21-2609)

Rahim Caldwell          :

v.              :

George Pearson et al.      :

# O R D E R

Rahim Caldwell (Mr. Caldwell or plaintiff) appeals from an order of the Superior Court dismissing his second amended complaint against George Pearson, Andrew Scanlon, and Jeffrey Brunelle (together, defendants), and further prohibiting Mr. Caldwell from seeking leave to amend his second amended complaint. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this case without further briefing or argument. For the reasons set forth herein, we affirm the order of the Superior Court.

Mr. Caldwell filed a complaint against defendants in April 2021, asserting constitutional violations allegedly stemming from an April 30, 2018 encounter, which occurred in the library at Rhode Island College. That complaint was the

- 1 -

subject of defendants' motion for a more definite statement, which was granted in May 2021 following a hearing. In the order granting defendants' motion, the trial justice provided Mr. Caldwell with a detailed list of instructions to assist him in making his future pleadings comply with the Superior Court Rules of Civil Procedure. Mr. Caldwell thereafter filed his first amended complaint asserting fifteen counts of alleged state and federal constitutional violations by defendants.[1] In late June 2021, defendants answered generally denying the allegations. Following further proceedings not relevant to this appeal, defendants filed a motion to dismiss Mr. Caldwell's first amended complaint. In their motion, defendants argued that Mr. Caldwell's first amended complaint lacked "specific factual allegations" to which defendants could respond and was "devoid of any claim for relief * * *." Following a hearing, a justice of the Superior Court granted defendants' motion to dismiss Mr. Caldwell's state constitutional claims with prejudice and granted defendants' motion to dismiss Mr. Caldwell's federal constitutional claims with

---

[1] In addition to the first amended complaint, Mr. Caldwell filed a separate document entitled "Demand," which contained the following two sentences: "DEMAND: The amount is sufficient to establish the jurisdiction of the court. PUNITIVE DAMAGES: The amount is sufficient to establish the jurisdiction of the court."

leave to amend. Mr. Caldwell then filed the complaint at issue in the instant appeal, his second amended complaint.[2]

In his second amended complaint, Mr. Caldwell asserted that defendants deprived him of his rights under the United States Constitution when they called "Providence police to the scene for plaintiff [exercising] constitutional rights while engaged in student activism boycotting campus security services." Mr. Caldwell asserted nine counts of constitutional violations stemming from the above-described interaction with defendants. Mr. Caldwell's second amended complaint did not contain a prayer for relief.

The defendants answered Mr. Caldwell's complaint, generally denied the allegations therein, and later filed a motion to dismiss. In their memorandum in support of their motion to dismiss, defendants argued that Mr. Caldwell's complaint failed to state a claim for relief and further argued that Mr. Caldwell should not be permitted to amend his complaint because he had been provided with opportunities to do so and his pleadings had not improved. Mr. Caldwell filed an objection refuting that defendants had met their burden under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. Mr. Caldwell further requested that he be given the

---

[2] In addition to the second amended complaint, Mr. Caldwell again filed a separate document entitled "Demand," which stated only: "The demand is an amount satisfactory for the jurisdiction of the court."

"opportunity to amend any part of the complaint which the court finds is inadequate * * *."

The defendants' motion was heard before a justice of the Superior Court on May 13, 2025. The plaintiff did not appear at that hearing, and defendants rested on their papers. The trial justice thereafter granted defendants' motion to dismiss after finding that Mr. Caldwell's complaint did not adequately state "the claims of relief Mr. Caldwell [was] asking from the [c]ourt" nor did the complaint include a "specific injury Mr. Caldwell sustained or any injury caused by defendants' actions." The trial justice found that Mr. Caldwell's complaint thus failed to provide defendants with notice of the specific claims on which he was asserting an entitlement to relief and that, therefore, "it [was] not clear beyond a reasonable doubt that Mr. Caldwell would be entitled to any relief from defendants * * *." Finally, the trial justice denied Mr. Caldwell's request for leave to amend his second amended complaint because Mr. Caldwell had been provided multiple opportunities to amend his complaint since 2021 but his subsequent filings did not "refine his claims to meet the standards the [c]ourt requires of litigants." The trial justice thereafter granted defendants' motion to dismiss. The plaintiff filed a notice of appeal on June 2, 2025.

In reviewing a trial justice's decision on a motion to dismiss, this Court applies the same standard applied by the trial justice. *See Fuller Mill Realty, LLC v. Rhode*

- 4 -

*Island Department of Revenue Division of Taxation*, 313 A.3d 377, 381 (R.I. 2024). Our review is limited to the four corners of the complaint from which we assume the facts and allegations to be true, and we "view them in the light most favorable to the plaintiff." *Id.* A motion to dismiss should be granted when it is determined "beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts." *Id.* (quoting *Pontarelli v. Rhode Island Department of Elementary and Secondary Education*, 176 A.3d 472, 476 (R.I. 2018)).

After careful consideration of the record and the arguments of the parties, we affirm the trial justice's decision to grant defendants' motion to dismiss, which was predicated upon Rule 8(a) of the Superior Court Rules of Civil Procedure. Rule 8(a) states, in relevant part, that a pleading that "sets forth a claim for relief" shall contain (1) "[a] short and plain statement of the claim showing that the pleader is entitled to relief" and (2) "[a] demand for judgment for the relief the pleader seeks." Super. R. Civ. P. 8(a). Those pleading requirements do not require a plaintiff to "include the ultimate facts that must be proven in order to succeed on the complaint or to set out the precise legal theory upon which his or her claim is based." *North Farm Home Owners Association, Inc. v. Bristol County Water Authority*, 315 A.3d 933, 945 (R.I. 2024) (quoting *Gardner v. Baird*, 871 A.2d 949, 953 (R.I. 2005)). Instead, under our liberal pleading standard, the drafter of a complaint need only provide "some degree of clarity as to what is alleged [because] due process considerations are

implicated * * *." *Id.* (quoting *Hyatt v. Village House Convalescent Home, Inc.*, 880 A.2d 821, 824 (R.I. 2005)). In order to satisfy due process standards, a complaint must "give the opposing party *fair and adequate notice* of the type of claim being asserted." *Id.* (quoting *Hyatt*, 880 A.2d at 824).

Here, plaintiff's complaint fails to provide defendants with sufficient notice of the specific constitutional injury that he claims he suffered. *See North Farm Home Owners Association, Inc.*, 315 A.3d at 945. Rather, the second amended complaint conclusorily asserted: a deprivation of rights under the United States Constitution; an allegation of unauthorized practice of law against an individual (Lieutenant David Henry), who is not a named defendant; and nine counts of constitutional violations. Taking the allegations in the second amended complaint as true, plaintiff alleges that defendants violated his First, Fifth, and Fourteenth Amendment rights by stalking him in the Rhode Island College library, asking him questions which he refused to answer, and eventually calling the Providence police. But those general statements of alleged constitutional violations fail to state a legally cognizable claim for relief because he has not articulated how defendants' conduct caused him any constitutional injury. As the trial justice correctly observed, plaintiff's complaint fails to assert "any injury caused by defendants' actions." We conclude that plaintiff has failed to identify in what way his First, Fifth, and Fourteenth Amendment rights were cognizably interfered with by defendants' actions, and that he has therefore

failed to articulate an injury which would entitle him to relief from these defendants under any set of facts.

We also affirm the trial justice's decision denying plaintiff's request to amend his second amended complaint. This Court reviews a trial justice's decision to grant or deny a party's motion to amend for an abuse of discretion. *Lomastro v. Iacovelli*, 56 A.3d 92, 94 (R.I. 2012). A trial justice abuses their discretion in denying a party leave to amend a complaint "only when the justice fails to provide any justification for denying the motion to amend or forgoes a hearing on the motion altogether." *Degasparre v. Fay Servicing, LLC*, 288 A.3d 146, 157 (R.I. 2023). A motion may be denied for "repeated failure to cure deficiencies by amendments previously allowed * * *." *Lomastro*, 56 A.3d at 95 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The trial justice denied the plaintiff's request to amend his complaint because he found that "Mr. Caldwell filed his original complaint in April of 2021 and was given multiple opportunities by this [c]ourt to refine his claims to meet the standards the [c]ourt requires of litigants." However, because "the [c]ourt has already given an opportunity for plaintiff to do so * * * the [c]ourt will not grant leave to amend at this time." We do not find that the trial justice abused his discretion in so deciding. Rather, the basis for his denial—that the plaintiff had already been granted leave to amend his complaint but failed to accord his pleadings with the rules—is one of the

reasons that this Court has determined is a justifiable basis for a trial justice to deny a party's request to amend. *See Lomastro*, 56 A.3d at 95. Moreover, the trial justice provided the plaintiff with a forum to argue his request to amend his complaint during the hearing on the defendants' motion to dismiss, but the plaintiff chose not to appear. *See Degasparre*, 288 A.3d at 157 (warning trial justices not to forgo a hearing on a motion to dismiss). Accordingly, we conclude that the trial justice gave the plaintiff an opportunity to be heard and ample chance to clarify his request for relief, to no avail. Therefore, we affirm the trial justice's decision denying the plaintiff's request to amend his complaint.

We accordingly affirm the order of the Superior Court granting the defendants' motion to dismiss Mr. Caldwell's second amended complaint and denying leave to amend. The papers may be returned to that tribunal.

Entered as an Order of this Court this 30th day of June, 2026.

By Order,

_/s/ Meredith A. Benoit_

Clerk

- 8 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Rahim Caldwell v. George Pearson et al. | |
| **Case Number** | No. 2025-202-Appeal.<br>(PC 21-2609) | |
| **Date Order Filed** | June 30, 2026 | |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, Long, and Flaherty (ret.), JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Christopher K. Smith | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Rahim Caldwell, *pro se* | |
| | For Defendants:<br><br>Mylene L. Cathcart, Esq. | |